IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PROFESSIONAL VETERINARY PRODUCTS, LTD., a Nebraska corporation, and PROCONN, LLC, a Nebraska Limited Liability Company, | ) ) ) ) ) | 8:08CV485 |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | MEMORANDUM AND ORDER |
| LANCE THORNBERRY, | ) ) | |
| Defendant. | ) ) | |

This matter is before the court on plaintiffs' motion for a temporary restraining order, see Filing Nos. 2 & 4.  The court conducted a hearing on the motion on November 4, 2008.  This is an action for tortious interference with business relationships, statutory and common law misappropriation of trade secrets, breach of duty of loyalty and conversion that was removed from state court.  Plaintiffs allege that the defendant, a former employee, misappropriated trade secrets by divulging customer lists, inventory lists and a commission salary plan to his new employer, a competitor of the plaintiffs. Plaintiffs seek an order enjoining the defendant from "utilizing, reviewing, reproducing or distributing in any manner the documents which he misappropriated and the information found in them."  Both parties have filed briefs and evidence.

In his affidavit in support of the motion, the defendant states that he has voluntarily dispossessed himself of the materials at issue.  Filing No. 13, Index of Evidence, Ex. 1, Declaration of Lance Thornberry at 10-11.  A third-party digital forensics company has taken possession of the materials.  *Id*., Ex. 4, Declaration of Matthew Churchill at 3.

Rule 65 of the Federal Rules of Civil Procedure and relevant federal case law applies to a motion for preliminary injunctive relief in a diversity case.  *Modern Computer Systems, Inc. v. Modern Banking Systems, Inc.*, 871 F.2d 734, 737 n.5 (8th Cir. 1989)

(en banc) (noting that in diversity jurisdiction cases, federal instead of state law applies because federal law governs all procedural issues in federal courts). The extraordinary remedy of a preliminary injunction should not be granted unless the movant has demonstrated: (1) the threat of irreparable harm to it; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties; (3) the probability that it will succeed on the merits; and (4) the public interest. *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113-14 (8th Cir. 1981) (en banc). No single factor is determinative, although the failure to demonstrate the threat of irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary injunction. *See Adam-Mellang v. Apartment Search, Inc.*, 96 F.3d 297, 299 (8th Cir. 1996); *Blue Moon Entertainment, LLC v. Bates City, Mo.*, 441 F.3d 561, 564 (8th Cir. 2006) (citation omitted) (finding that the failure of a movant to show irreparable harm is an independently sufficient basis upon which to deny a preliminary injunction). The party seeking injunctive relief bears the burden of proving these factors. *Lankford v. Sherman*, 451 F.3d 496, 503 (8th Cir. 2006).

In view of the defendant's representation that he will not use the materials at issue, and because a third party is maintaining custody of the materials, the court finds that the plaintiffs have not sustained their burden of showing irreparable harm. Also, it appears that a damage remedy would adequately compensate the plaintiffs. Accordingly, the court finds that plaintiffs' motion for a temporary restraining order should be denied.

IT IS ORDERED that plaintiffs' motion for a temporary injunction is denied.

DATED this 4th day of November, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge